# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4061 | DATE | 10/20/2000 |
| CASE TITLE | Firstar Bank, N.A. vs. Faul, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because we hold that the parties are not diverse based on plaintiff's maintenance of branch banks in Illinois, we need not address defendants' second argument, that plaintiff maintains a "substantial presence" in Illinois. For the reasons stated, we grant defendants' motion to dismiss (4-1) for lack of subject matter jurisdiction. The status hearing set for 10/27/00 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 23 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 10 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/20/2000 date mailed notice | |
| GL | courtroom deputy's initials | FILED FOR DOCKETING 00 OCT 23 PM 3:06 Date/time received in central Clerk's Office | GL mailing deputy initials |

ED-7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRSTAR BANK, N.A., a national )
banking association, )
)
Plaintiff, )
)
v. ) Case No. 00 C 4061
)
LAWRENCE J. FAUL and FAUL )
CHEVROLET, INC., )
)
Defendants. )



Memorandum Opinion and Order

Marvin E. Aspen, Chief Judge:

This case asks us to determine whether a national banking association is a citizen of every state in which it maintains a branch, or only the state where it maintains its principal place of business, for the purposes of diversity jurisdiction. 28 U.S.C. § 1332. Although various district courts in this district and around the country have come to different conclusions, neither the Seventh Circuit nor the Supreme Court has spoken conclusively on the issue. After considering the parties' arguments regarding the present motion to dismiss, as well as reviewing relevant case law on the matter, we agree with defendants that there is no diversity jurisdiction in this case, and thus grant the motion to dismiss.

Plaintiff is a national banking association with its principal place of business in Ohio. It has 789 branches throughout the U.S., 45 of which, or 6%, are located in Illinois. Both defendants are citizens of Illinois. At issue is the meaning of section 1348 of the National Bank Act, which addresses the citizenship of national banking

associations. The section reads in relevant part: "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the states in which they are respectively located." 28 U.S.C. § 1348. Plaintiff maintains that "located" means only the principal place of business. Defendant argues that a bank is a citizen of any state in which it maintains a branch, or at the least, any state in which it has a "substantial presence."

The use of the word "located" in statutes – particularly those which deal with national banking associations – has caused confusion over the years. The Supreme Court clarified the meaning of the word with regard to 12 U.S.C. § 94 – the statute dealing with venue for national banks – by holding that the word "located" referred to any place where the bank operated and maintained a branch. *Citizens and Southern National Bank v. Bougas,* 434 U.S. 35, 40 (1977). Subsequently, Congress revised § 94 to specify that venue is proper only where "that association's principal place of business is located." 12 U.S.C. § 94 (1988). Congress declined to similarly amend 28 U.S.C. § 1348 – which the *Bougas* court had specifically quoted – a move which many district courts have interpreted to mean that Congress approved of the *Bougas* Court's interpretation of "located" in other situations involving national banking associations. *See Connecticut Nat'l Bank v. Iacono,* 785 F.Supp. 30, 33 (D.R.I. 1992); *Frontier Ins. Co. v. MTN Owner Trust,* No. 00C4260, 2000 WL 1239828, (S.D.N.Y., Aug. 30, 2000) (citing *Iacono* with approval); *McHugh v. Westpac Banking Corp.,* Nos. 93C3058, 93C3059, 1995 WL 243339 (N.D.IL, April 24, 1995) (agreeing with

*Bougas*, but finding diversity jurisdiction because defendant was a foreign, not national, bank).

Plaintiff relies on *Financial Software Systems, Inc. v. First Union National Bank*, 84 F.Supp.2d 594 (E.D.PA 1999) for the proposition that Congress intended the word "located" to refer only to a bank's principal place of business. The court there disagreed with the *Iacono* court and instead focused on the statutory construction of § 1348, concluding that the intent of the statute must have been to consider a national bank located only in the state where it has its principal place of business because at the time the statute was enacted, there was no interstate banking. *Financial Software*, 84 F.Supp.2d at 602. However, the Supreme Court in *Bougas* was not concerned with this fact when it determined that a national bank could be located wherever it maintained a branch, *see* 434 U.S. at 43, and thus neither are we. Therefore, we do not find *Financial Software* persuasive.

The Seventh Circuit appears to approve of the reasoning in *Iacono*. In *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 256 (7th Cir. 1998), the Court decided a case in which one of the plaintiffs was originally thought to be a national banking association with a branch in the same state as defendant. The Court noted that *if* it were to agree with the *Iacono* line of reasoning, then complete diversity would be missing. However, it turned out that the relevant plaintiff actually did not have a branch in defendant's state, and thus the Court noted that with regard to the diversity issue, the plaintiffs had "dodged a bullet." *Id.* The Seventh Circuit never specifically stated that it agreed with this interpretation of §1348, (which probably

3

would have involved a lengthy analysis), but neither did it disapprove of it, although it could have done so in only a few sentences.[1]

Because we hold that the parties are not diverse based on plaintiff's maintenance of branch banks in Illinois, we need not address defendants' second argument, that plaintiff maintains a "substantial presence" in Illinois. For the reasons stated above, we grant defendants' motion to dismiss for lack of subject matter jurisdiction. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/20/00

---

[1] There have been two decisions in the Northern District of Illinois dealing with § 1348. Both accepted the *Iacono* Court's reasoning that a national banking association is a citizen of every state in which it maintains a branch, although neither case turned on the decision. *See Household Retail Services, Inc. v. CVS Systems, Inc.*, No. 95 C 2862, 1996 WL 411947 (N.D.IL July 18, 1996) (agreeing with *Iacono* but finding diversity where banking association did not maintain a branch in defendant's state, but only had customers from there); *McHugh v. Westpac Banking Corp.*, supra, pg. 2 (agreeing with *Iacono* but finding § 1348 irrelevant because defendant was a foreign, not national, bank).